

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable H. D. Stringer
County Attorney, Hall County
Memphis, Texas

Dear Sir:

Opinion No. O-5446
Re: Authority of county
    to underwrite expenses
    of Government in mov-
    ing building to house
    war prisoners.

This is in response to your letter of July 12, 1943,
requesting the opinion of this department on the following
matter:

"The Commissioners' Court of this County has
asked my advice with respect to the County enter-
ing into a contract for the underwriting of cer-
tain expenses to be incurred in moving and setting
up certain buildings to house prisoners of war for
use in harvesting the crops in this county.

"As I understand the situation the government
has certain buildings in other localities which
will be moved here and set up. The prisoners of
war will be farmed out to different farmers and
these farmers will pay the government $1.50 per day
for each prisoner's labor. In the moving of these
buildings and setting them up certain expenses will
be incurred and the government wants to be assured
that sufficient farmers will employ sufficient
prisoners to insure a return of these expenses.

"I have advised the court that I can find no
legal authority for the county to underwrite such
an undertaking as this, though in all probability
there will be no liability on the county.

"Because of the acute farm labor shortage here
the question of securing these prisoners of war
is affected with considerable interest, and I would
appreciate you advising me if there is anyway the
county can enter into this matter legally."

COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST...

Honorable H. D. Stringer, page 2

You are, of course, familiar with the general rules
set forth in 11 Texas Jurisprudence at pages 563-4-5 to the
effect that:

"* * * Counties, being component parts of
the state, have no powers or duties except those
which are clearly set forth and defined in the
constitution and statutes. The statutes have
clearly defined the powers, prescribed the duties,
and imposed the liabilities of the commissioners'
courts, the medium through which the different
counties act, and from those statutes must come
all authority vested in the counties. * * *

"* * * Commissioners' Courts are courts of
limited jurisdiction in that their authority ex-
tends only to matters pertaining to the general
welfare of their respective counties and that their
powers are only those expressly or impliedly con-
ferred upon them by law, - - that is, by the con-
stitution and statutes of the state. * * *"

You are also familiar with Article 5, Section 18 of
the Constitution of Texas, which limits the powers and juris-
diction of the county commissioners' court to "county business"
and with Article 3, Section 52 of the Constitution, which pro-
vides, in part:

"The Legislature shall have no power to au-
thorize any county * * * to lend its credit or
to grant public money or thing of value in aid
of, or to any individual, association, or cor-
poration whatsoever. * * *"

You desire to know whether or not Hall County may
contract to indemnify the Federal government in moving build-
ings to your county to house war prisoners; the understanding
being that Hall County will reimburse the government if not
enough farmers take advantage of prison labor at $1.50 per
day per prisoner (to be paid to the Government) to justify
the expense.

Honorable N. D. Stringer, page 3

In our opinion, under the authorities cited, Hall County has no such authority.

Yours very truly,

ATTORNEY GENERAL OF TEXAS

By _Jas. D. Smullen_
Jas. D. Smullen
Assistant

APPROVED JUN 28, 1943

FIRST ASSISTANT
ATTORNEY GENERAL

JDS:EP

APPROVED
OPINION
COMMITTEE
BY BWB
CHAIRMAN